**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| ARTHUR JONES, JR., ) | |
| ) | |
| Petitioner, ) | No. 2:99-cv-0362-DCN |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the court on petitioner Arthur Jones, Jr.'s ("Jones") petition for writ of audita querela, ECF No. 145, and motion to expedite proceedings, ECF No. 150. For the reasons set forth below, the court dismisses the petition for writ and finds the motion to expedite moot.

## I.  BACKGROUND

On April 14, 1999, Jones was indicted by the federal grand jury for Hobbs Act Robbery, during which he shot and killed a man, and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C §§ 1951, 924(c) and 924(j). ECF No. 1. Jones was arrested and ordered detained on April 29, 1999. ECF No. 5. On November 3, 1999, after a three-day trial, a jury returned a guilty verdict on both charged counts. ECF No. 75. On March 8, 2000, the court sentenced Jones to a 20-year term of incarceration as to Count One and life as to Count Two. ECF No. 83. Jones filed a notice of appeal on March 13, 2000. ECF No. 84. On November 17, 2000, the Fourth Circuit affirmed Jones's conviction and sentence. United States v. Jones, 238 F.3d 416 (4th Cir. 2000).

1

Jones has filed a number of post-convictions motions seeking relief prior to his filing of the instant motions. Currently pending are Jones's petition for "writ of audita querla," ECF No. 149, and motion to expedite proceedings, ECF No. 150. On September 13, 2017, Jones filed a petition for writ of audita querla. ECF No. 149. When the government failed to respond to the petition, Jones filed a motion to expedite proceedings on November 24, 2020. ECF No. 150. On January 26, 2021, the government responded to both motions. ECF No. 153.

## II.  STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

## III.  DISCUSSION

As an initial matter, the court must determine the nature of Jones's request. The government argues that although Jones has styled his petition as a "Writ of Audita Querla," ECF No. 150 at 1, and alternatively as a "Motion Under Federal Rule of Civil Procedure 60(d)(3) To Set Aside Judgment," ECF No. 146 at 1, it is substantively a petition for relief under 28 U.S.C. § 2255. Indeed, the law is clear that "[r]egardless of the label assigned by the litigant, the subject matter of the motion determines its status."

Calderon v. Thompson, 523 U.S. 538, 553 (1998); see also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, coram nobis, audita querla certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get–Out–of–Jail–Card; the name makes no difference.  It is substance that controls.").

> Pursuant to 28 U.S.C. § 2255(a):
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Like the petition in Melton, Jones's request that "this Court [ ]set aside its judgment," ECF No. 145 at 20, "fits comfortably within [§ 2255's] coverage."  Melton, 359 F.3d at 857.  Jones's petition asks the court to vacate its judgment based on various fraudulent acts by the prosecutors of his case.  Because his motion "attacks the legitimacy" of his conviction, it is a petition for relief under § 2255, not a Rule 60 motion or a petition for writ of audita querela.  Cooper v. United States, 2020 WL 4194649, at *3 (D.S.C. July 21, 2020); see also United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (distinguishing a § 2255 petition from a motion under Fed. R. Civ. P. 60(b)).

      Moreover, a writ of audita querela is not a remedy available to Jones.  Where a defendant's challenge to his conviction or sentence could have been challenged pursuant to a § 2255 petition, "a writ of audita querela is not an available remedy[.]"  United States v. Padilla, 478 F. Supp. 2d 865, 868 (E.D. Va. 2007).  That is the case even where a "particular prisoner was or would be unable to obtain relief under § 2255 because of a

3

procedural bar." Id. (quoting Sloan v. United States, 2006 U.S. Dist. LEXIS 90006 at *3 (W.D. Va. Dec. 13, 2006)). Where a prisoner files a petition for writ of audita querela requesting a remedy contemplated by § 2255, "it is appropriate to construe the petitioner's motion as a motion under § 2255." Id. at 868. As such, the court construes Jones petition as a motion for relief pursuant to § 2255.

The government argues that because Jones's request is, in character, a § 2255 petition, and because Jones has unsuccessfully petitioned this court under § 2255 in the past, the court must dismiss the instant petition as a successive § 2255 petition. In the absence of pre-filing authorization from a court of appeals, the district court lacks jurisdiction to consider a successive § 2255 motion. Winestock, 340 F.3d at 208 (4th Cir. 2003). A motion is successive if it was preceded by a § 2255 motion that was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 489 (2000). Here, Jones has already filed at least one § 2255 petition, ECF No. 110, which this court dismissed on the merits, ECF No. 118. Jones has not received authorization from the Fourth Circuit to file a successive petition. Therefore, the court is without jurisdiction to consider Jones's petition and must dismiss it. Accordingly, Jones's motion to expedite the court's resolution of his petition is moot.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Jones does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

### IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Jones's petition and **FINDS AS MOOT** Jones's motion to expedite. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 29, 2021**
**Charleston, South Carolina**