IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:99-cr-00362-DCN-1 |
| vs. ) | |
| ) | **ORDER** |
| ARTHUR F. JONES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on defendant Arthur Jones's ("Jones") motion to reconsider the court's order denying his motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 167 (citing ECF No. 155). It is also before the court on Jones's motion to dismiss, ECF No. 168, motion for preliminary injunction, ECF No. 169, and motion for summary judgment, ECF No. 171. For the reasons set forth below, the court dismisses the motion as an unauthorized second or successive § 2255 motion. In the alternative, the court denies the motion to reconsider because Jones's arguments lack merit.

**I.  BACKGROUND**

Because the parties are well-acquainted with this litigation, the court will provide only a brief recitation of the underlying facts and focus on the matters at hand. This prosecution arose from a robbery of the Lake Marion Truck Stop in Summerton, South Carolina, on January 14, 1997. ECF No. 131, Presentence Investigation Report ("PSR") ¶ 1. At that time, Jones and his co-defendant Kevin Johnson ("Johnson") used a firearm in furtherance of the robbery, and in so doing, murdered the store clerk Leroy Robinson. Id. ¶ 2. On April 14, 1999, the United States (the "government") named Jones and Johnson in a two-count indictment which charged: (1) robbery in violation of 18 U.S.C.

§§ 1951, 2; and (2) felony murder in violation of 18 U.S.C. §§ 924(c), 924(j), and 2. Id. ¶¶ 1–2; ECF No. 1. Beginning on November 1, 1999, this court held a jury trial on the two counts named in the indictment and on November 3, 1999, the jury returned a guilty verdict as to both counts. ECF No. 75. On March 8, 2000, the court sentenced Jones to a 20-year term of imprisonment for Count 1 and life imprisonment for Count 2, to run concurrently. ECF No. 83. Jones appealed on March 13, 2000. ECF No. 84. The Fourth Circuit affirmed the judgment and conviction on November 21, 2000, ECF No. 92, and issued its judgment on December 20, 2000, ECF No. 93.

In the decades since, Jones has filed several collateral appeals which have, to date, been unsuccessful. On November 13, 2001, Jones filed a 28 U.S.C. § 2255 motion, which the court dismissed on June 5, 2002 (the "First § 2255 Order").[1] Jones filed a Rule 59(e) motion for reconsideration, which the court denied on July 2, 2002. Jones thereafter appealed the decision to the Fourth Circuit, and that court denied his request on February 3, 2003. United States v. Jones, 55 F. App'x 197 (4th Cir. 2003). Jones filed a motion for a rehearing and rehearing en banc in the Fourth Circuit, which was denied on April 15, 2003, and the Supreme Court denied his petition for certiorari on June 30, 2003. On March 28, 2011, Jones filed a second motion to vacate, ECF No. 110, which the court denied (the "Second § 2255 Order") on July 20, 2011, ECF No. 118. See Jones v. United States, 2011 WL 13162455 (D.S.C. July 20, 2011). Jones appealed that decision on August 30, 2011, ECF No. 126, which the Fourth Circuit dismissed as an unauthorized successive § 2255 motion on February 29, 2012. ECF No. 135, United States v. Jones,

---

[1] Jones details this procedural history in his filing at ECF No. 95. However, there are no docket entries between March 11, 2002, and May 31, 2005, therefore the citations to those filings are not available.

2

468 F. App'x 301 (4th Cir. 2012). The Fourth Circuit construed Jones's appeal as an application to file a second or successive § 2255 motion and thereafter denied authorization to file a successive § 2255 motion. Id. Undeterred, Jones, proceeding pro se, filed another petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on September 13, 2017. ECF No. 146.

On January 29, 2021, the court denied Jones's motion to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF No. 155 (the "Third § 2255 Order"). On February 23, 2021, Jones appealed the Third § 2255 Order to the Fourth Circuit. ECF No. 158. On March 11, 2021, the Fourth Circuit dismissed Jones's appeal for failure to prosecute, ECF No. 161. However, the Fourth Circuit later considered the merits of the order and dismissed the appeal on July 23, 2021. United States v. Jones, 853 F. App'x 892 (4th Cir. 2021), cert. denied, 142 S.Ct. 911 (2022), reh'g denied, 142 S. Ct. 1355 (2022). On September 27, 2021, the Fourth Circuit denied Jones's motion for rehearing and rehearing en banc. ECF No. 164. On October 5, 2021, the Fourth Circuit issued its mandate and judgment regarding Jones's appeal of the Third § 2255 Order. ECF No. 165. Jones sought to appeal the decision to the Supreme Court but on January 24, 2022, the Supreme Court denied Jones's writ of certiorari. Jones v. United States, 142 S. Ct. 911, reh'g denied, 142 S. Ct. 1355 (2022). On April 20, 2022, Jones filed a motion for reconsideration presumably of the Third § 2255 Order, but perhaps of the Fourth Circuit and Supreme Court decisions.[2] ECF No. 167. The government did not respond in opposition and Jones did not reply or file any supplemental briefs.

---

[2] In his motion, Jones seeks an order vacating the First § 2255 Motion which was entered on June 5, 2002. See ECF No. 167 at 1. However, he filed the latest motion to reconsider after the Fourth Circuit issued its decisions regarding his appeal of the Third

3

Since then, Jones has filed three additional motions: (1) a motion to dismiss on April 28, 2022, ECF No. 168; (2) a motion for preliminary injunction on July 6, 2022, ECF No. 169; and (3) a motion for summary judgment on November 8, 2022, ECF No. 171. The government has not responded to any of those three motions either. As such, the motion is ripe for the court's review.

## II.  STANDARD

### A. Motion to Alter or Amend

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment. The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks and citation omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, at *5 n.6 (4th Cir. 1995) (unpublished)). "A party's mere disagreement with the court's ruling does not warrant a

---

§ 2255 Motion. The district court lacks the authority to reconsider or vacate decisions by the Fourth Circuit or the Supreme Court.

Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Sols. & Structure Works LLC, 2007 WL 2021901, at *2 (E.D. Va. July 6, 2007).  Ultimately, the decision whether to reconsider an order resulting in judgment pursuant to Rule 59(e) is within the discretion of the district court.  See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

### A.  28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner in federal custody may petition the court to vacate, set aside, or correct a sentence on the grounds that (1) the imposed sentence "violates the Constitution or the laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A prisoner attacking a sentence under § 2255 bears the burden of proving the grounds for attack by a preponderance of the evidence.  See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  "The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review."  United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015).  The Supreme Court has held that if the alleged sentencing error is neither constitutional nor jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).  When the record conclusively shows that the petitioner is not entitled to relief, the court may dismiss the motion outright.  28 U.S.C. § 2255(b).  In deciding a § 2255 petition, the court shall grant a hearing "[u]nless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Id.

### B. Pro Se Litigants

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.  DISCUSSION

### A. Unauthorized Successive § 2255 Petition

As is noted in the procedural history, the latest § 2255 petition and the pending motion to reconsider the Third § 2255 Order are unauthorized successive § 2255 petitions for which Jones has failed to obtain preauthorization under 28 U.S.C. § 2244(b)(3). As such, they must be dismissed on that ground alone. See United States v. McRae, 793 F.3d 392, 396 (4th Cir. 2015). Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Id. at 397. "Therefore, a Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition. Id. (quoting Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)). "A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). Id. In contrast, a Rule

60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. Id.

A motion for reconsideration of a ruling denying a § 2255 motion is "treated either as one under Rule 59(e) or as one under Rule 60(b) [of the Federal Rules of Civil Procedure], a classification typically dependent on the date the motion is filed." See Vargas v. United States, 2010 WL 11565414, at *2 (D.S.C. Dec. 20, 2010). As a Rule 59(e) motion, Jones's motion is untimely. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e)'s time limitation also applies to motions for reconsideration of § 2255 orders. United States v. Prysock, 2012 WL 12836664, at *1 (D.S.C. Dec. 4, 2012). "The district court [i]s without power to enlarge the time for filing a Rule 59(e) motion." United States v. Griffin, 397 F. App'x 902, 903 (4th Cir. 2010) (citing Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001)). The court filed the Third § 2255 Order on January 29, 2021, ECF No. 155, and Jones filed his motion for reconsideration on April 20, 2022, 446 days later. ECF No. 167. Thus, the court is precluded from finding that his motion to reconsider was timely filed under Rule 59. See Griffin, 397 F. App'x at 903.

When a motion to reconsider is untimely, courts construe the motion as one filed under Rule 60(b). See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003) ("We focus on Fed. R. Civ. P. 60(b), because [the defendant]'s motion was filed more than [the requisite number of] days after the entry of judgment."), abrogated in part on other grounds by McRae, 793 F.3d 392; Vargas, 2010 WL 11565414, at *2 (noting that if a motion is not filed within the 28-day period set for Rule 59(e) motions, it "will be

7

examined under Rule 60(b)"); Prysock, 2012 WL 12836664, at *1 (construing an untimely Rule 59(e) motion to alter or amend as a Rule 60(b) motion). Accordingly, the court construes Jones's motion as a Rule 60(b) motion.

However, the district court is required to distinguish proper Rule 60(b) motions from a "successive application in 60(b)'s clothing." Winestock, 340 F.3d at 207. Guidance from the Fourth Circuit explains that "a motion directly attacking the [petitioner's] conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Id.

Jones's motion to reconsider must be dismissed as an unauthorized successive § 2255 motion. A motion is successive if it was preceded by a § 2255 motion that was dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 489 (2000). As described in the procedural history, this court has already considered and dismissed on the merits at least one § 2255 petition. See ECF No. 118. Here, Jones either raises new arguments that should have been raised on the first § 2255 motion or seeks review of the underlying merits of the first § 2255 motion. See generally ECF No. 167. He raises no arguments that could be construed as seeking a remedy for some defect in the collateral review process. See id. Consequently, his motion operates as an unauthorized successive § 2255 motion and it must be dismissed on that basis. Griffin, 397 F. App'x at 903; Winestock, 340 F.3d at 207 (holding that if a district court determines a motion to reconsider is tantamount to a successive application, "the court must either dismiss the motion for lack of jurisdiction or transfer it to [the Fourth Circuit] so that [it] may perform [its] gatekeeping function under § 2244(b)(3)"). Jones's arguments were not

properly raised under Rule 60(b) and therefore they need not be considered under that standard. As such, Jones's motion to reconsider must be dismissed.

To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Should Jones wish to file a successive § 2255 motion, he must petition the Fourth Circuit for the authorization to file based on the above criteria.

Even if the court were to reach the merits of Jones's motion, it would find them lacking. Certainly, a prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence if the court was without jurisdiction to impose such a sentence. See 28 U.S.C. § 2255(a). Generously construed, Jones argues that the federal court lacked jurisdiction to charge, prosecute, convict, and sentence him for the robbery and felony murder because the state of South Carolina had previously arrested, charged, and detained Jones for the same crime. ECF No. 167 at 1–2. Consequently, according to Jones, South Carolina had the prior exclusive jurisdiction to prosecute him for the crime. See id. The court finds this argument to be without merit for two reasons.

First, the court is precluded from finding Jones's argument to have merit by the law-of-the-case doctrine. "The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Graves v. Lioi, 930 F.3d 307, 318 (4th Cir. 2019) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The Fourth Circuit recently

9

considered Jones's petition for writ of mandamus seeking an order directing the undersigned to vacate Jones's criminal conviction for lack of subject matter jurisdiction and expressly held that "[t]he relief sought by Jones is not available by way of mandamus." In re Jones, 2023 WL 8183313, at *1 (4th Cir. Nov. 27, 2023). It reached that conclusion after setting forth the standard for when mandamus relief may issue: only when the petitioner has a clear right to the relief sought and has no other adequate means to attain the relief he desires. Id. (citing In re Murphy-Brown, LLC, 907 F.3d 788, 795 (4th Cir. 2018)). Thus, by denying Jones's petition, the Fourth Circuit also found that Jones did not have a clear right to the relief sought.

      Second, this court independently finds Jones's argument to be groundless. Jones makes his argument by relying on the principle that when competing claims of jurisdiction between sovereigns exist, the first court taking subject-matter jurisdiction must be permitted to exhaust its remedy fully. See Ponzi v. Fessenden, 258 U.S. 254, 260 (1922). But this is a principle to resolve disputes among sovereigns, and Jones has no standing to claim South Carolina's interest in asserting jurisdiction and South Carolina has asserted no such interest. See United States v. Jackson, 327 F.3d 273, 302 (4th Cir. 2003). To be sure, "[p]rimary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence." Nelson v. United States, 2017 WL 10309300, at *4 (N.D.W. Va. Aug. 18, 2017) (citing Coles v. DeBoo, 2010 WL 3767113 (N.D.W. Va. Sept. 27, 2010), report and recommendation adopted, 2018 WL 2455914 (N.D.W. Va. June 1, 2018). Jones notes that on June 1, 1999, after he was indicted in both state and federal court for substantially the same charges related to the

same crime, the federal court enjoined and superseded the state court jurisdiction thereby causing the state court to dismiss and transfer Jones's prosecution to the federal court. ECF No. 167 at 5–6. Thus, South Carolina relinquished its primary jurisdiction through dismissal of the charges on June 1, 1999, and at that point the federal court appropriately assumed primary jurisdiction over the charges and prosecution of Jones. See id.; see also Nelson, 2017 WL 10309300, at *4. Consequently, even if Jones had standing to make such an argument, it would be baseless.

### B. Various Other Motions

Jones has filed three other motions all premised on his belief that because he was arrested and charged in state court for robbery and felony murder, the federal court lacked jurisdiction to prosecute him for the same charges. See ECF Nos. 167; 168; 169; 171. This is the argument Jones brought in his unauthorized second successive § 2255 petition which the court dismissed for lack of jurisdiction. See ECF No. 167. It is an argument appropriate for a § 2255 motion, not a motion to dismiss, motion for preliminary injunction, or a motion for summary judgment. As such, those three motions—ECF Nos. 168; 169; and 171—are construed as supplemental to the § 2255 motion, ECF No. 167, and are dismissed for the same reasons stated above.

### IV.  CONCLUSION

For the foregoing reasons the court **DISMISSES** Jones's motion to reconsider the court's denial of his motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 as an unauthorized successive § 2255 petition. In the alternative, the

court **DENIES** the motion to reconsider because Jones's arguments lack merit.

Additionally, the court **DENIES** a certificate of appealability.[3]

       **AND IT IS SO ORDERED.**

                                      *[signature]*

                                    DAVID C. NORTON
                                    UNITED STATES DISTRICT JUDGE

**November 30, 2023**

**Charleston, South Carolina**

---

[3] Rule 11(a) of the Rules Governing Section 2255 proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Jones does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition. Accordingly, the court will deny a certificate of appealability.